IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DERIACE STONE,** | : | CIVIL NO. 1:15-CV-1734 |
| | : | |
| Petitioner | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **JOHN WETZEL**, *et al.*, | : | |
| | : | |
| Respondents | : | |

# MEMORANDUM

On November 6, 2008, petitioner Deriace Stone ("Stone"), was found guilty of possession of a controlled substance and other drug-related crimes, as well as a weapons offense, in the Court of Common Pleas of York County, Pennsylvania. (Doc. 1). On December 31, 2008, he was sentenced to an aggregate term of 5½ to 11 years' imprisonment. (Id.) Stone filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his underlying conviction and sentence. (Id.) Presently before the court is respondents' motion to dismiss the habeas petition as untimely. (Doc. 14). For the reasons set forth below, the motion to dismiss will be denied, and respondents will be directed to submit a response addressing the merits of the petition.

## I.     Background

In November 2007, a criminal information was filed in the Court of Common Pleas of York County charging Stone with possession with intent to deliver, possession of drug paraphernalia, criminal conspiracy to commit possession with

intent to deliver, person not to possess a firearm, and possession of marijuana. (Doc. 1; https://ujsportal.pacourts.us, electronic docket number CP-67-CR-0006522-2007). On November 6, 2008, a jury found Stone guilty of the crimes. (Id.) On December 31, 2008, Stone was sentenced to an aggregate term of 5½ to 11 years' imprisonment. (Id.)

On May 9, 2012, Stone filed a timely *pro se* petition for post-conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46. (Id.) Counsel was appointed on June 4, 2012, and a hearing was held September 26, 2012. On October 24, 2012, the PCRA court entered an opinion and order granting Stone relief as to credit for time-served, but denied relief as to all other issues, including counsel's ineffectiveness in pursuing his suppression claim. Stone filed a timely notice of appeal to the Pennsylvania Superior Court raising the sole issue of counsel's ineffectiveness in presenting the suppression claim on appeal. See https://ujsportal.pacourts.us, electronic docket number 2078 MDA 2012. On February 12, 2014, the Pennsylvania Superior Court affirmed the PCRA court's decision denying the petition. Commonwealth v. Stone, 2014 WL 10982116 (Pa. Super. 2014). Stone filed a petition for allowance of appeal with the Pennsylvania Supreme Court. See https://ujsportal.pacourts.us, electronic docket number 154 MAL 2014. On August 29, 2014, the Pennsylvania Supreme Court denied the petition for allowance of appeal. Id.

Stone filed a second PCRA petition on April 14, 2015. See https://ujsportal.pacourts.us, electronic docket number CP-67-CR-0006522-2007. On April 17, 2015, the PCRA court provided Stone with notice of its intent to dismiss

the petition because, *inter alia*, it was not timely filed.  On July 13, 2015, the PCRA court dismissed the second PCRA petition as untimely.  Stone did not appeal the dismissal of his second PCRA petition.

Stone filed a third PCRA petition on July 2, 2015.  See https://ujsportal.pacourts.us, electronic docket number CP-67-CR-0006522-2007.  On July 13, 2015, the PCRA court provided Stone with notice of its intent to dismiss the petition based, in part, on its untimeliness.  On August 14, 2015, the PCRA court dismissed the third PCRA petition as untimely.  Stone did not appeal the dismissal of his third PCRA petition.

On September 4, 2015, Stone filed the instant petition for writ of habeas corpus pursuant to § 2254.  (Doc. 1).  On November, 2015, respondents filed a motion to dismiss the petition as untimely pursuant to 28 U.S.C. § 2244.  (Doc. 14). Stone filed a brief in opposition to respondents' motion.  (Doc. 21).

**II.    Discussion**

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). See 28 U.S.C. § 2244(d)(1).  Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

3

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999).

Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001).

Stone was sentenced on December 31, 2008. See https://ujsportal.pacourts.us, electronic docket number CP-67-CR-0006522-2007. His judgment of sentence became final on May 30, 2012, ninety (90) days after the Pennsylvania Supreme Court denied his petition for writ of certiorari. See Nara, 264 F.3d at 314. Stone filed his timely first PCRA petition on May 9, 2012, prior to the date his sentence became final. Section 2244(d)(2) tolls the one-year statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Thus, the one-year period for the AEDPA statute of limitations did not commence running until August 29, 2014, the date on which the Pennsylvania Supreme Court denied the petition for

4

allowance of appeal of the PCRA denial. The 365 days in which to file his federal petition expired on August 31, 2015.[1]

The parties agree that Stone's AEDPA deadline to file a federal habeas petition was August 31, 2015. (Docs. 14, 21). Respondents contend that Stone's habeas petition was untimely filed, by four (4) days, on September 4, 2015, the date the petition was received and docketed by the Clerk of Court. (Doc. 14, at 7). However, "[u]nder the prison mailbox rule, prisoner filings are considered filed on the date the prisoner certifies they were placed in the prison mail system for mailing." Romanishyn v. Pennsylvania, 2005 U.S. Dist. LEXIS 30965, *4 n.4 (M.D. Pa. 2005) (Caldwell, J.) (citing Houston v. Lack, 487 U.S. 266, 266 (1988)); see also Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (holding that "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court"). The "'prisoner mailbox rule,' recognizes the practical difficulties faced by inmates who are trying to meet filing deadlines without free access to postal authorities." Herrschaft v. Smithson, 2011 U.S. Dist. LEXIS 29725, *2 (M.D. Pa. 2011) (finding no reason to doubt the accuracy of the date listed on the inmate's receipt for postage).

---

[1] The PCRA court dismissed Stone's second and third PCRA petitions based, *inter alia*, on their untimeliness. An untimely PCRA petition is not "properly filed" and, therefore, does not toll the statute of limitations. See Pace v. Diguglielmo, 544 U.S. 408, 417 (2005) (holding that "[b]ecause the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2254(d)(2)."). See also Merritt v. Blaine, 326 F.3d 157, 167-68 (3d Cir. 2003). Consequently, Stone's second and third PCRA petitions were not properly filed and did not toll the AEDPA statute of limitations.

Here, although the habeas petition was not docketed until September 4, 2015, Stone signed and dated the petition on August 28, 2015. (Doc. 1). Stone avers "under penalty of law, [the petition was] signed, sworn to, and given to prison authorities to be mailed on Friday, August 28, 2015." (Doc. 21). Accordingly, the petition for writ of habeas corpus will be accepted by the court as timely pursuant to the prison mailbox rule.

**III.   Conclusion**

For the reasons set forth above, the court will deny respondents' motion (Doc. 14) to dismiss the habeas petition as untimely. Respondents will be directed to submit a response addressing the merits of the petition within twenty-one (21) days of the accompanying order. An appropriate order will issue.

                            /S/ CHRISTOPHER C. CONNER
                            Christopher C. Conner, Chief Judge
                            United States District Court
                            Middle District of Pennsylvania

Dated:        June 13, 2016